**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **2:11-cr-49** |
| **v.** | ) | |
| | ) | |
| **JOSEPH E. GUMP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER OF COURT**</u>

Pending now before the Court is DEFENDANT'S MOTION FOR BILL OF

PARTICULARS AND FIFTH AND SIXTH AMENDMENT NOTICE, filed at Doc. No. 50,

within which Defendant contends that the charges in the indictment are vague and indefinite, and

that they do not reasonably inform him of the nature of the charges against him.  In opposition to

the motion, the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BILL OF

PARTICULARS AND FIFTH AND SIXTH AMENDMENT NOTICE has been filed at Doc.

No. 51.  The motion is ripe for disposition.  For the reasons that follow, the motion will be

denied.

<u>Background</u>

On February 22, 2011, a grand jury in the Western District of Pennsylvania returned a

four count criminal indictment charging Defendant with tax evasion, in violation of 26 U.S.C. §

7201, for the years 2003 through 2006.  Defendant was arrested on April 11, 2011, and was

released on bond following an arraignment and detention hearing.  A series of requests by

Defendant to extend the deadline in which pretrial motions were to be filed followed, and the

motion *sub judice* was filed on April 2, 2012.  Defendant moves for a bill of particulars, and

requests the following:

a.  The specific phrase or provisions of each of the statutes which the government alleges were violated by the conduct of the Defendant;

b.  The date, time and specific place on which each offense alleged by the government is alleged to have occurred;

c.  The specific acts, conduct, methods or means by which the crimes are alleged to have been committed;

d.  The names of any and all other persons alleged to have acted together with the Defendant in violation of the statutory provisions described in the indictment;

e.  If the Defendant is alleged to have acted in concert with others, the specific act which the government alleges the Defendant committed which acted to further the common scheme, plan or design in violation of the alleged applicable statutory provisions.

Doc. No. 50.  The government opposes Defendant's motion.  Doc. No. 51.

<u>Analysis</u>

Federal Rule of Criminal Procedure 7(f) provides as follows:

> The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f).  A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars.  *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989); Fed. R.Crim.P. 7(f) ("a court *may* direct the filing of a bill of particulars") (emphasis added).  Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against him so that he is able to adequately prepare a defense.  *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir.), *cert. denied*, 40 U.S. 936 (1972).  Our appellate court has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial."  *Rosa*, 891 F.2d at 1066.  However, a defendant is not entitled to general discovery of the government's case,

2

evidence or witnesses.  *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir.), cert. denied, 423 U.S. 858 (1975).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation."  *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985).  In ruling on a request for a bill of particulars, a court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment.  *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), cert. denied, 490 U.S. 914 (1972).  As the government correctly points out in its brief in opposition, a number of courts have held that with respect to prosecutions involving tax evasion, defendants are entitled to know the method of proof upon which the government relies.  *See* Doc. No. 51.  In *United States v. Caserta*, 199 F.2d 905, 910 (3d Cir. 1952), it was determined that the trial court did not err in refusing to compel the government to give the taxpayer-defendant a bill of particulars prior to trial, since all the defendant was entitled to know was that the theory under which the prosecution was to proceed (which, in that case, was the expenditure theory).  In *United States v. Holovachka*, 314 F.2d 345 (7th Cir.), *cert. denied*, 374 U.S. 809 (1963), the Court found that the trial court acted within its discretion in denying a bill of particulars in an income tax evasion case in light of the government's disclosure that it intended to follow the net worth theory and nondeductible expenditures method of proof.  *See also*, *United States v. McGuire*, 347 F.2d 99, 101 (6th Cir.), *cert. denied*, 382 U.S. 826 (1965)(in prosecution for evasion of income tax by filing false returns, denial of motion for bill of particulars was not an abuse of discretion in the absence of any showing that defendant had been taken by surprise during trial or that his substantial rights had been prejudiced in any way by the denial);  *United States v. DeVincentis*, 30 F.R.D. 71 (D.C. Mass. 1962)(tax evasion defendant not entitled to bill

of particulars where government admitted it was relying on net worth-expenditure method); and

*United States v. Manfredi*, 628 F.Supp.2d 608, 634-39 (WD Pa. 2009)(bill of particulars

requesting information, including government's intended method of proof in tax evasion cases,

was not warranted given government's proffer as to specific items method of proof, coupled with

specific allegations in indictment, government's repeated meetings with defense counsel to

exchange information, the production of discovery materials to defendants, and government's

notice of intent to present evidence at trial in summary form and to produce summary exhibits to

defendants in advance of trial).

The government responds that the indictment specifically describes the allegations

against Defendant in a manner sufficient to enable him to prepare his defense, and that it has

provided substantial discovery in this case.  Doc. No. 51.  Further, the government notes that it

intends to rely upon the specific items method of proof to support its theory that Defendant

attempted to evade income taxes in 2003 through 2006 by filing false returns stating that his

taxable income and tax due for each calendar year was "none", when he was receiving

employment wages ranging from $51,255.49 to $74,159.22 in each of those years for his work at

a Ford Motor Company assembly plant.  *Id.*  "Under the specific items method, 'the Government

... produce[s] evidence of the receipt of specific items of reportable income by the defendant that

do not appear on his income tax return or appear in diminished amount.'"  *United States v.*

*Thompson*, 518 F.3d 832, 853 (10th Cir.2008) (quoting *United States v. Horton*, 526 F.2d 884,

886 (5th Cir.1976)); *see also United States v. Genser*, 582 F.2d 292, 295 n. 1 (3d Cir.1978)

(noting that under the specific items method of proof "it is sufficient to show that contrary to

usual practices a defendant received certain payments in cash which were not in turn reported on income tax returns.")[1]

In terms of information that will be provided in advance of trial, the government attests to the fact that it will provide Jencks material to defense counsel in advance of its legal obligation under 18 U.S.C. § 3500, as well as its final list of intended trial exhibits.  In view of the indictment and information already provided to Defendant, the theory under which the government intends to proceed at trial, and the information that will be provided in advance of trial, the government contends that a bill of particulars is both unnecessary and inappropriate in this case.  *Id.*

The Court agrees with the government and finds that a bill of particulars is not warranted in this case.  Defendant is charged with income tax evasion for each of calendar years 2003 (count I), 2004 (count II), 2005 (count III), and 2006 (count IV).  Doc. No. 1.  The indictment further describes Defendant's conduct under each count that is allegedly violative of the statute, specifically how Defendant prepared, signed, and filed a false and fraudulent U.S. Individual Tax Return, Form 1040A, for each calendar year.   The Court finds that this information is more than "the minimum amount of information necessary to permit the defendant to conduct his own investigation."  *Smith*, 776 F.2d at 1111.  Moreover, there is no evidence or meritorious argument that the lack of additional information in the indictment will "significantly impair[ ] the

---

[1]        A leading treatise explains that:

[t]he specific items method of proof is a direct method of demonstrating tax evasion in which the government produces evidence of the receipt of specific items of reportable income by the defendant that do not appear on her income tax return. This is the simplest method of proving tax evasion. Proof may consist of little more than the taxpayer's return, the testimony and records of a third party showing the payment of an unreported item of income to the taxpayer or the nonpayment of a claimed deduction by the taxpayer, and some element of willfulness. Because the specific items method is the easiest case to present to a jury, it is favored by prosecutors.

Comisky, Feld and Harris, Tax Fraud and Evasion ¶ 7.01[2][f] (6th ed.2007) (internal citations omitted).

defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial."

*Rosa*, 891 F.2d at 1066.  Therefore, Defendant's Motion for Bill of Particulars will be denied.

An appropriate order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **2:11-cr-49** |
| **v.** | ) | |
| | ) | |
| **JOSEPH E. GUMP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF COURT

AND NOW, this 15th day of May, 2012, in accordance with the foregoing Memorandum

Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that DEFENDANT'S

MOTION FOR BILL OF PARTICULARS AND FIFTH AND SIXTH AMENDMENT

NOTICE, filed at Doc. No. 50, is **DENIED.**

BY THE COURT:
s/  Terrence F. McVerry
United States District Court Judge

cc:     **Leo M. Dillon, Esquire**
        Email: Leo.Dillon@usdoj.gov

        **David E. Koerner**
        Email: dekoerner@roadrunner.com