# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:11-cr-49 |
| v. | ) | |
| | ) | |
| JOSEPH E. GUMP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently pending before the Court is the GOVERNMENT'S MOTION IN LIMINE RE ADMISSION OF EVIDENCE PURSUANT TO FED. R. EVID. 404(B) (Doc. No. 54) with supporting memorandum. This Court's Amended Trial Scheduling Order (Doc. No. 66) set September 18, 2012 as the last day in which counsel could file Responses to Motions in Limine. As of that date, no response had been filed. Accordingly, the Motion is now ripe for disposition.[1]

## Background

Pursuant to the Trial Scheduling Order, the government timely notified Defendant and this Court of its intention to introduce evidence pursuant to FED. R. EVID. 404(b) by way of filing its Motion in Limine on June 11, 2012. The government's Motion seeks authorization to offer Rule 404(b) evidence of the following: (1) Defendant's history of filing federal tax returns, including (a) his filing of proper returns in the non-prosecution years; and (b) his filing of false returns prior to and after the charged time period; (2) Defendant's Pennsylvania tax returns for

---

1. The parties are reminded that "[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S 38, 41 (1984). Thus, an order on a motion in limine is essentially an advisory opinion,

the prosecution years of 2003-2006, as well as his related correspondences with the PA Department of Revenue; and (3) Defendant's participation in "tax protest" activities. The Court will briefly describe each request seriatim.

The government first seeks this Court's authorization to offer various federal tax returns, correspondences with the IRS, and other documentation to show that Defendant willfully engaged in tax evasion during the charged time period. More specifically, the government requests that this Court permit the admission of the following into evidence:

> [P]rior (1992-2002) and subsequent (2007-2008) federal tax returns, correspondence with the IRS [regarding] such returns, and pertinent documentation from his employer (e.g., employment application, Forms W-2 and W-4, etc.), to show that defendant filed accurate tax returns until 2000, and thereafter falsified his returns by claiming $0 or "none" wages/income (during the years when his false W-4 Forms claiming "exempt" wages negated any federal income tax withholding by his employer Ford Motor Company); and subsequently claimed "nontaxable income" for wages (in 2007 and 2008, after the IRS had directed Ford to withhold at the rate of a single taxpayer with 0 allowances).

The government submits that this evidence is relevant under FED. R. EVID. 401 to establish defendant's knowledge of the filing requirement and his willfulness in filing false returns in the prosecution years.

The government next requests that the Court admit Defendant's Pennsylvania tax returns for the prosecution years 2003-2006, as well as related correspondences with the PA Department of Revenue. According to the government, this evidence will demonstrate that Defendant claimed not to have any Pennsylvania income tax liability during those years. The government also contends that this evidence is relevant to show that his claim that he was not subject to federal income taxation was not made in good faith and to rebut the anticipated "non-citizen" defense.

The government finally seeks to offer documents and statements by Defendant that demonstrate his attitude towards the Internal Revenue Service. These documents allegedly include various letters and pleadings from this case that contain representations regarding Defendant's citizenship and taxpayer status, documents requesting criminal prosecution of IRS personnel, and a complaint filed in the United States Court of Federal Claims by Defendant that seeks damages from IRS personnel. Additionally, the Defendant's statements that the government seeks to admit include his interview with an IRS Criminal Investigation Agent with regard to his study of the views of Irwin Schiff.[2]

## Discussion

According to the government, all three requests must be analyzed under Rule 404(b) because it does not appear to meet the definition of "intrinsic evidence" established in *United States v. Green*, 617 F.3d 233 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 363 (U.S. 2010). The Court agrees.

Evidence of a criminal defendant's uncharged conduct, including crimes, wrongs or other acts, may be admissible if the evidence is intrinsic to the charged offense; or the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See id.* In *United States v. Green*, the court of appeals explained that "evidence is intrinsic if it 'directly proves' the charged offense" or are "uncharged acts performed contemporaneously with the charged crime" and "facilitate the commission of the charged crime." *Id.* at 248-49 (internal quotation marks and citations omitted). This type of evidence is admissible without the need for

---

2. Other courts have described Schiff as "a self-styled 'tax rebel,' who has made a career and substantial profits out of his tax protest activities," *Newman v. Schiff*, 778 F.2d 460, 461 (8th Cir. 1985), and as "a convicted tax evader who wrote a book while in prison . . . [that] advises readers how to not pay taxes, but informs them that they run the risk of conviction if they follow the book's advice," *United States v. Heath*, 525 F.3d 451, 453 (6th Cir. 2008).

3

the prosecution to provide notice to the defendant before trial or for the court to provide limiting instructions to the jury during trial. *Id.* at 247. Thus, as a practical matter, "[a]ll that is accomplished by labeling evidence 'intrinsic' is relieving the Government from providing a defendant with the procedural protections of Rule 404(b)." *Id.* at 248.

Even if the evidence is not "intrinsic," it may still be admissible under Rule 404(b). Rule 404(b) provides, in relevant part, that: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character;" however, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Repeatedly, our court of appeals has observed that Rule 404(b) is "inclusionary" in that it states a "general rule of admissibility, subject to a single exception—evidence of other wrongful acts was admissible so long as it was not introduced solely to prove criminal propensity." *Id.*

To be admissible under Rule 404(b), "other acts" evidence "must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it. *Id.* (citing *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001)). This approach mirrors that of the Supreme Court. *See Huddleston v. United States*, 485 U.S. 681, 691–92 (1988).

Here, Defendant's history of filing both federal and Pennsylvania tax returns and participation in "tax protest" activity does not fit the definition of "intrinsic evidence." By the government's own admission, those other acts neither provide direct proof that Defendant willfully engaged in tax evasion in violation of 26 U.S.C. § 7201 nor constitute uncharged acts performed contemporaneously with the charged crime that facilitated its commission. As our

4

court of appeals has expressly noted, "a defendant's past taxpaying record is admissible to prove willfulness circumstantially" in cases involving violations of federal tax laws such as tax evasion. *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006) (citations and quotation marks omitted). Likewise, willfulness may also be proven circumstantially "through the evidence of Defendants' tax protestor activities." *United States v. McKee*, 506 F.3d 225, 237 (3d Cir. 2007) (citing, *inter alia*, *United States v. Turano*, 802 F.2d 10, 11-12 (1st Cir.1986)) (defendant's statements and actions at "tax protestor" meetings useful to establish state of mind). Thus, this Court must proceed under the four-part test for admissibility of Rule 404(b) evidence.

The Court finds that all three items in the government's request constitute otherwise admissible "other acts" evidence under Rule 404(b). First, the "other acts" have proper evidentiary purposes, such as demonstrating "willfulness" circumstantially and supplying helpful background information to the finder of fact. Second, as the *Daraio* and *McKee* Courts made clear, evidence of a defendant's "tax protestor" activities, possible animosity toward the IRS and past taxpaying record are all relevant with regard to Defendant's knowledge, if any, of the filing requirement and whether he willfully filed false returns during the charged years. Third, much like other district courts, this Court finds that under the Rule 403 balancing test, the probative value of the tax history evidence and alleged "tax protestor" activities is not substantially outweighed by unfair prejudice to Defendant. *See*, *e.g.*, *Daraio*, 445 F.3d at 256, 266*; United States v. Andujar*, 209 F. App'x 162, 170 (3d Cir. 2006) ("District Court did not abuse its discretion in determining that the probative value of the tax history evidence was not substantially outweighed by undue prejudice to [the defendant]."). The Court is mindful of the government's statement that it will not use the moniker "tax protestor" at trial; however, at this time, the Court will not preclude the government on Rule 403 grounds from introducing

evidence tending to support the notion that Defendant engaged in conduct and made statements which would otherwise substantiate the use of that label. Fourth, if requested, the Court will accompany the admission of this evidence with a limiting instruction about the purpose for which it may be considered by the jury.

## Conclusion

In sum, the government's Motion in Limine (Doc. No. 54) to which no response was filed will be **GRANTED** in its entirety. At this time, the Court will allow the government to offer Rule 404(b) "other acts" evidence of (1) Defendant's history of filing federal income tax returns, including (a) his filing of proper returns in the non-prosecution years; and (b) his filing of false returns prior to and after the charged time period; (2) Defendant's Pennsylvania income tax returns for the prosecution years of 2003-2006, as well as his related correspondences with the PA Department of Revenue; and (3) Defendant's participation in and statements about "tax protest" activities. The Court recognizes that it may later deem this evidence inadmissible at trial based on other evidence and testimony adduced on direct and cross-examination or on rebuttal.

So **ORDERED** this 26th day of September, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: **Leo M. Dillon, Esquire**
Email: Leo.Dillon@usdoj.gov

**Jay J. Finkelstein, Esquire**
Email: jay_finkelstein@fd.org